## JAMES WALTER KELLY v. STATE OF MARYLAND

[No. 46, September Term, 1967.]

*Decided January 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Frank M. Kratovil* for appellant.

*Arnold M. Weiner, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard S. Chaseman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Appellant, James Walter Kelly, was convicted of larceny of goods over the value of one hundred dollars by a jury, Judge Ernest A. Loveless, Jr., presiding, in the Circuit Court for

Prince George's County, and was sentenced to ten years in the Maryland House of Correction, to run consecutively with a sentence the appellant was then serving at the Lorton Reformatory.

Appellant's sole contention on this appeal is that he was denied a speedy trial.

The chronological sequence of events material to this appeal is as follows:

June 6, 1965 — Appellant arrested on charges of larceny, storehouse breaking and receiving stolen goods.

June 7, 1965 — Preliminary Hearing in the People's Court of Prince George's County. Not guilty plea entered. Bond set ($1000.00) and appellant bound over for Grand Jury.

June 23, 1965 — Appellant indicted by Grand Jury for storehouse breaking, larceny, receiving stolen goods.

August 3, 1965 — Appellant with Court appointed counsel pled guilty to larceny.

August 16, 1965 — Motion to withdraw guilty plea denied. Sentenced to 10 years in the Maryland House of Correction.

December 22, 1965 — Indictments dismissed via Schowgurow.

January 7, 1966 — Reindicted by Grand Jury.

February 10, 1966 — Arraignment without counsel—not guilty plea and election of jury trial entered by the Court.

February 17, 1966 — Privately retained counsel Wm. V. Myers, Esq. entered appearance.

March, 1966 — While on bail and awaiting trial he was arrested in District of Columbia for armed robbery.

| | |
|---|---|
| March 21, 1966 | Attorney Meyers moved for leave to withdraw his appearance—defendant had not honored the fee arrangement, was not indigent, and had been given due notice of Atty. Meyers' action. |
| **April 1, 1966** | Appellant did not object and Attorney Meyers' appearance was withdrawn. |
| April 6, 1966 | Trial was set; however, upon Appellant's request it was removed from trial calendar and postponed. |
| April 8, 1966 | Prior conditional release in D. C. revoked as result of March, 1966 robbery. |
| April 8, 1966 | Confined at District of Columbia Jail. |
| June 16, 1966 | Trial scheduled for second time. Appellant failed to appear, bond was forfeited, and a bench warrant issued. |
| July 18, 1966 | Appellant wrote the Clerk of the Circuit Court from place of confinement, expressing concern that his bond, for which his sister's property had been collateral, had been forfeited, and requesting his case be tried. |
| July 27, 1966 | Attorney Frank M. Kratovil was assigned as counsel and the letter of July 18, 1966 was viewed as a Motion for trial and was granted. |
| July 28, 1966 | A second letter from Appellant requested a speedy trial. |
| August 19, 1966 | Transferred to Federal Reformatory in Lorton, Va. |
| August 26, 1966 | While still confined by the federal authorities, Appellant filed a writ of habeas corpus in the Criminal Court without assistance of Attorney Kratovil. |

| | |
|---|---|
| Sept. 22, 1966 | Found guilty of robbery in the District Court and sentenced to imprisonment from four to ten years. |
| Dec., 1966 | Subpoenas for witnesses and a writ of habeas corpus ad prosequendum. |
| Jan. 9, 1967 | Motion to dismiss indictment filed. Hearing in open court on motion for fair and speedy trial. Motion denied. Guilty, by jury, of larceny. Sentence 10 years Md. House of Correction, consecutive with sentence being served from District of Columbia. |
| Jan. 12, 1967 | Motion for new trial filed. |
| Jan. 16, 1967 | Appeal to Court of Special Appeals of Maryland. |
| Feb. 13, 1967 | Motion for new trial withdrawn. |

The right to a speedy trial by an impartial jury is secured to criminal defendants by the Sixth Amendment to the United States Constitution by way of the Fourteenth Amendment and by Article 21 of the Maryland Declaration of Rights. In *State v. Long and Nelson,* 1 Md. App. 326 (1967), this Court stated "the right to a speedy trial involves a nice balancing of two rights of society—the primary obligation to ascertain the guilt or innocence of an accused and the accused's right to have the accusation determined without oppressive delay." Since there is no definition of the term in the constitutions, and the varied circumstances surrounding particular cases are innumerable, and for the main part, unforeseeable, the term has properly been held to be a relative one, with the determination of the question as to whether or not an accused has been denied a speedy trial depending upon the facts of each particular case." *Jones v. State,* 241 Md. 599, 608 (1966). "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers v. Haubert,* 198 U. S. 77, 87, 49 L. Ed. 950, 25 S. Ct. 573 (1905).

"Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances * * * the delay must not be purposeful or oppressive." *Pollard v. United States,* 352 U. S. 354, 361, 1 L. Ed. 2d 393, 399, 77 S. Ct. 481 (1957). The "essential ingredient is orderly expedition and not mere speed." *Smith v. United States,* 360 U. S. 1, 10, 3 L. Ed. 2d 1041, 1048, 79 S. Ct. 991 (1959). Applying the above stated principles, the Supreme Court of the United States found that a passage of 19 months between the original arrests and the hearings does not of itself demonstrate a violation of the Sixth Amendment's guarantee of a speedy trial. See *United States v. Ewell,* 383 U. S. 116, 120, 15 L. Ed. 627, 86 S. Ct. 773 (1966).

In *State v. Murdock,* 235 Md. 116, 200 A. 2d 666 (1964), the Court cited *United States v. Patrisso,* 21 F.R.D. 363, (S. D. N. Y.) (1958), wherein that Court had held that the "constitutional guarantee of a speedy trial is a personal right which may be waived and is waived by the accused's failure to demand trial," and that the defendant's constitutional rights had not been violated as the Government had not "deliberately or oppressively sought to delay the trial" nor did defendants make a showing of "substantial prejudice effected by the delays."

In the instant case, the appellant had temporarily, yet effectively, waived his right to a speedy trial by his actions and his failure to move for same until his letter of July 18, 1966, which was promptly acted upon by appointment of counsel on July 27, 1966, and the treating of the same as a motion for a speedy trial. Under the instant circumstances the delay involved from July 1966 until trial on January 9, 1967 was reasonable and nonviolative of the appellant's rights. Appellant had moved for and was granted a postponement of the first scheduled trial date of April 6, 1966; had failed to appear for trial on the rescheduled date of June 16, 1966; and, in fact, was not heard from again until his letter of July 18, 1966 to the Clerk of the Circuit Court of Prince George's County expressing concern for the status of his sister's property, which was collateral for the forfeited bond of June 16, 1966. In that same letter appellant expressed his desire for trial. On July 27, 1966, the court viewed this letter as a motion for a speedy trial and ap-

pointed counsel. In addition to the above developments, the appellant had been arrested in March 1966 in the District of Columbia for armed robbery thus causing the revocation of a prior conditional release on April 8, 1966 and confinement in the District of Columbia Jail until August 10, 1966, at which time he was transferred to the Federal Reformatory at Lorton, Virginia. That trial remained pending until a finding of guilty was made on September 22, 1966, and a sentence of from four to ten years imposed with confinement at Lorton, Virginia. Furthermore, it was necessary to make arrangements with the office of the Attorney General of the United States for appellant's transfer for the instant trial, as the District of Columbia is not a signatory to the Interstate Agreement on Detainers.

In view of the numerous circumstantial variables encounterable in each particular case, the term "speedy trial" is by necessity a relative one dictating that the ultimate determination as to whether or not a denial of a speedy trial has occurred rests on the particular facts of each case. We find that on the instant facts this delay does not constitute a lack of a speedy trial. We find no purposeful or oppressive delay by the State, nor prejudice to the defendant.

*Judgment affirmed.*