ANDREW WEST *v.* STATE OF MARYLAND

[No. 139, September Term, 1967.]

*Decided April 16, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Benjamin L. Brown* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Hilary D. Caplan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Andrew West, the appellant, complains of a conviction of being an accessory before the fact of murder in the Criminal Court of Baltimore. His specific complaints are that he was denied the right to a speedy trial and that the evidence was not sufficient to sustain the conviction.

The appellant was arrested on April 30, 1966, and was indicted without a preliminary hearing by the Grand Jury on July 1st of the same year. Eight days later West was arraigned and

counsel was appointed to represent him. On August 2, 1966, the trial date was postponed because Gayheart Cook, who had been charged with the murder for which West was being charged as an accessory before the fact, had not been tried. A further delay was encountered because the State's Attorney assigned to West's case was out of the state for approximately three weeks. On the 25th of October, 1966, West's counsel requested that a trial date be set; the case was set for trial for the 16th of November. On October 26th the defendant, in proper person, filed a motion for a speedy trial. On November 16th the trial was again postponed at the request of the state over the objection of the defendant because Gayheart Cook had filed a plea of insanity. West's motion for a speedy trial was not considered at that time. The defendant, in proper person, on November 25th, filed a motion to dismiss. Early in February of 1967 Cook was returned to Baltimore City Jail after having been examined at the Clifton T. Perkins State Hospital. The hospital authorities reported that Cook was sane at the time of the crime and sane at the time of the examination. West's attorney requested again that a trial date be set, and the new trial date was set for March 23, 1967. However, the case was withdrawn from the assignment; neither West's counsel nor the State's Attorney were aware of this at the time it occurred. On April 4, 1967, West's attorney filed a Motion to Dismiss and the following day filed a Petition for Writ of Habeas Corpus. A hearing on the petition was heard on April 10, 1967, but the writ was denied. The trial, rescheduled for May 4th, was not held on that day but was finally held on May 8, 1967, after his motion for a speedy trial had been denied. Gayheart Cook was convicted on May 4th.

The right to a speedy trial is guaranteed by the Sixth Amendment of the Constitution of the United States through the Fourteenth Amendment, *Klopfer v. North Carolina,* 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1, and by Article 21 of the Maryland Declaration of Rights, *Allen v. State,* 1 Md. App. 249, 229 A. 2d 446. In *State v. Long and Nelson,* 1 Md. App. 326, 230 A. 2d 119, 122 this court said:

"The right to a speedy trial involves a nice balancing of two rights of society—the primary obligation

to ascertain the guilt or innocence of an accused, and
the accused's right to have the accusation determined
without oppressive delay."

The right is a relative one and depends upon the circumstances
of a particular case. *State v. Long and Nelson, supra, Kelly v.
State,* 2 Md. App. 730, 237 A. 2d 459. Four factors are con-
sidered in interpreting the words "speedy trial:" (1) length of
the delay, (2) the reason for the delay, (3) prejudice to the
defendant and (4) waiver of the right. Waiver, if found, will
dispose of the question, but the first three factors must be
weighed together. It is possible that this case could be disposed
of under the waiver doctrine, but we prefer to rest our decision
on other grounds.

The record shows no prejudice to the defense; the length of
the delay was not so great as to be shocking. Compare *United
States v. Ewell,* 383 U. S. 116, 86 S. Ct. 773, 15 L. Ed. 2d
627 and *In re Provoo,* 17 F.R.D. 183 (D. Md.) *aff'd sub nom.
United States v. Provoo,* 350 U. S. 857, 76 S. Ct. 101, 100 L.
Ed. 761. There was good reason for the delay. The state could
not try West, the accessory, until the principal, Cook, was con-
victed in the absence of an express waiver. *Randall v. Warden,*
208 Md. 667, 119 A. 2d 712. West would not, or did not, file
such a waiver. There was adequate reason for the delay in try-
ing Cook, therefore West was not denied a speedy trial.

West next contends there was insufficient evidence to support
his conviction in the trial before the court. The evidence discloses
that Cook and the deceased had been engaged in a fight in a bar
and that they continued the fight in front of the bar; that West
walked out of the bar and inquired of Cook "What's the matter
fellow? In response, Cook said "Give me the stuff you got";
whereupon West handed a knife to Cook, who ran down the
street after the deceased and stabbed him to death.

In *Watson v. State,* 208 Md. 210, 117 A. 2d 549, 552 an ac-
cessory is defined as follows:

"An accessory before the fact is one who aids or abets
the principal offender before or at the time of the com-
mission of the crime. An accessory after the fact is one
who, knowing that a felony has been committed, har-

bors and protects the felon or renders him any other assistance to elude punishment."

Under Maryland Rule 1086 we cannot say the trial judge was "clearly erroneous" on these facts and law when he found:

"Under all the facts, the only inference that I can get from the evidence is that West knew that Cook and Webb had been fighting, and when he was asked by Cook to give him the stuff, West didn't ask what stuff he meant. He knew immediately that Cook wanted a knife to use on Webb and he willingly and immediately got the knife from under his hat and handed it to Cook, knowing that Cook was going to use it on Webb."

*Judgment affirmed.*