### DARNELL BARNETT *v.* STATE OF MARYLAND

[No. 48, September Term, 1969.]

*Decided October 16, 1969.*

---

36

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Millard S. Rubenstein* (Roland Walker on brief) for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Edward G. Neal, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Our system of government was founded on the declaration that it was instituted to secure certain unalienable rights endowed upon all men. Certain of these rights, fundamental to the life, liberty and pursuit of happiness of the individual, are specifically guaranteed to the individual in amendments to the Constitution of the United States and the Declaration of Rights of the Constitution of Maryland. But the rights of the individual can be preserved only if the rights of all individuals are protected. There must be a fine balancing of the rights of the individual against the rights of society and no individual may do simply what he will. If "every man did that which was right in his own eyes," [1] no man could fully enjoy the unalienable rights bestowed upon him. So certain acts of the individual are held to be crimes. Some, found by long experience to encroach on the rights of the individual and society are proscribed by the common law to which the inhabitants of Maryland are entitled,[2] and others are proscribed by all the people through legislation enacted by their duly elected representatives. The commission of a crime is not prosecuted by the individual who directly suffers therefrom but by the State as the representative of all the people, for the rights of all individuals comprising the State are affected. A person accused of committing a crime comes to be tried therefor cloaked with the presumption of innocence and armed

1. The Holy Bible (American Bible Society, 1849, 28th Ed.), Book of Judges, ch. 21, verse 25.
2. Article 5, Declaration of Rights, Constitution of Maryland.

with the rights guaranteed him. But it is not to deny the rights guaranteed to the individual to balance them against the rights of society.

One of the constitutional rights guaranteed an individual accused of crime is that of a speedy trial.[3]

> "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.'" *United States v. Ewell*, 383 U. S. 116, 120.

We have considered the question of the denial of a speedy trial in some forty reported opinions in cases which have come before us on direct appeal.[4] Inherent in the decision in each was our awareness of the need to balance the right of the individual to obtain a speedy trial against the right of society to punish those who are

3. Amendment VI, Constitution of the United States; Art. 21, Declaration of Rights, Constitution of Maryland. See *Klopfer v. North Carolina*, 386 U. S. 213.

4. See for example, *State v. Long and Nelson*, 1 Md. App. 326; *Kelly v. State*, 2 Md. App. 730; *Fabian v. State*, 3 Md. App. 270; *West v. State*, 3 Md. App. 662; *Hall v. State*, 3 Md. App. 680; *Stevenson v. State*, 4 Md. App. 1; *Brown v. State*, 4 Md. App. 141; *Montgomery v. State*, 4 Md. App. 473; *State v. Williams*, 6 Md. App. 5.

properly shown to have committed a crime against it. The test to be applied in determining whether a speedy trial has been denied was developed in those opinions. The right to a speedy trial is a relative one and the time within which trial must be had to satisfy the guaranty depends on the facts and circumstances of the particular case. *Kelly v. State*, 2 Md. App. 730. Four factors are relevant to a consideration of these facts and circumstances in determining whether a delay in trial assumes constitutional proportions: (1) the length of the delay; (2) the reason for the delay; (3) prejudice to the accused; and (4) waiver of the right by the accused.

### (1)

As a general rule it is only after a prosecution has been initiated that the issue of a speedy trial can be raised by an accused; until the grand jury acts there is no case to be tried. *Price v. State*, 235 Md. 295, 299.[5] And we point out that a delay in indictment may violate due process of law. *Montgomery v. State,* 4 Md. App. 473, 480. But in any event the essential ingredient is orderly expedition and not mere speed. *Smith v. United States,* 360 U. S. 1.

### (2)

The State may have time, exercising reasonable diligence, to prepare for trial, and the time depends on the circumstances. *Jones v. State,* 241 Md. 599, 608. Generally, delay caused by the accused is not to be computed in determining whether a defendant has been denied a speedy trial but only that delay which can be reasonably charged to the State, *Stevenson v. State, supra,* at 11.

### (3)

Where a delay is "substantial" there may be a *prima facie* showing of prejudice and the State in such case has the burden of proving that there was no more delay than was reasonably attributable to the ordinary processes of

---

5. For a case involving circumstances excepting it from the application of the general rule, see *Petition of Provo* 17 F.R.D. 183 (D.C. Md. 1955), aff'd, 350 U. S. 857.

justice and that the accused suffered no serious prejudice thereby. There is no precise rule as to when a delay is "substantial." *Stevenson v. State, supra,* at 14.

Where the delay is found to be less than "substantial," even though purposeful, oppressive, or caused by the negligence of the State, the accused, if he has made no demand, must show actual prejudice, and, if he has made demand, must show, at least, "a strong possibility of prejudice." *Id.* at 14-15.

(4)

Even a constitutional right may be waived, and the conduct of an accused may amount to a waiver of the right to a speedy trial. *State v. Long and Nelson, supra,* cert. denied, 390 U. S. 983. See *Hall v. State,* 3 Md. App. 680, 687, cert. denied, Court of Appeals of Maryland, 26 November 1968.

In the case before us the general issue of guilt or innocence of the appellant has not been tried. He appeals from a denial of his motion to dismiss the indictment returned against him on a determination by the lower court, upon a pretrial hearing, that the constitutional right to a speedy trial had not been violated. See *Harris v. State,* 6 Md. App. 7. On 11 June 1968 the appellant was presented and indicted on a charge that on 14 March 1968 he feloniously, wilfully and of deliberately premeditated malice aforethought, did kill and murder Alfred Jefferies.[6] He filed a motion to dismiss the indictment on 22 January 1969. The motion came on for hearing on 11 February, the hearing resumed on 13 February and on 20 February the court denied the motion. In denying the motion the hearing judge only said that he had reviewed all the documents in the file and the authorities cited by both sides and it was his "opinion that the alleged delay in the prosecution of this case is not sufficient to justify a dismissal of the indictment for lack of a speedy trial."

Although evidence was received at the hearing, the

---

6. The appellant testified that he was arrested on 13 March 1968 and has remained in custody since that date, bail being denied him.

record does not reflect any factual findings made by the hearing judge. We cannot determine if the hearing judge considered the four relevant factors in considering the facts and circumstances of the case and we have doubt whether the evidence before him was sufficient to so establish the facts and circumstances as to enable him to properly consider the relevant factors. We note that the reasons for the delay alleged in the State's answer to the motion to dismiss are mere allegations and not evidence absent agreement. It may be the hearing judge considered these allegations as evidence, although it is not clear whether he did or not, but we cannot find from the record that the appellant made a stipulation as to them.

The appellant claims that he made written demand for a speedy trial on at least two occasions. The State claims that it did not receive either demand, although it is clear that the second demand reached the office of the Clerk of the Criminal Court by way of the Chief Judge of the Supreme Bench of Baltimore City and the presiding judge of the Criminal Court, to whom the Chief Judge sent it, but in error was not entered on the docket. The appellant urges that he was prejudiced because a witness, material to his defense, became unavailable. Certainly, if a witness who could substantiate a valid defense, and who would have been available but for the delay, became unavailable as the result of the delay, such unavailability would be a most compelling showing of prejudice. *Stevenson v. State, supra,* at 16. But it must be determined that his testimony was material and that he would have been available except for a delay in trial chargeable to the State. We do not feel that the hearing judge could make these determinations from the evidence adduced at the hearing. The appellant testified that a friend, Clement Morton, was an eyewitness to the crime; that although there were other eyewitnesses—it was a "whole crowd"—some names of whom he had given his attorney, none of them could testify in substance to the same testimony that he expected Morton to give; that neither he nor his attorney had obtained a statement

from Morton which had been reduced to writing; that he had not talked to Morton since the time of the offense but his attorney had; that although he had received a letter from Morton, it was not stated in the letter what the testimony would be—"he just said he wanted to testify for me." The appellant now argues that this was a sufficient showing that the witness was material and that for him to have given the hearing judge more details of the anticipated testimony would reveal his defense. However, neither the State nor the defense has a property right in a witness; each may interview a witness of the other to attempt to ascertain the facts within the knowledge of the witness. It is correct, except for specified instances, as for example, that an accused was insane at the time of the commission of the crime, that he need not reveal his defense prior to trial, as for example, when the defense is an alibi. But when he desires to assert that he was denied a speedy trial, he must make a showing of prejudice under the test appropriate in the circumstances. To do this here we think that the appellant had to show more than was shown by the bald allegations he made and was obliged to disclose some substance of the witness' testimony sufficient for the hearing judge properly to determine its materiality. Nor do we think that the hearing judge could determine from the evidence before him that the witness would have been available if trial had been had within such time as the State with reasonable diligence could have prepared for it even assuming that he was, in fact, unavailable when trial was proposed. A private investigator, employed by the defense, was requested three days before the hearing to ascertain the whereabouts of the witness. He received information from former neighbors and the witness' mother that the witness had been in the army in Viet Nam for about three months. It was also stipulated that defense counsel's secretary would testify that a man who identified himself as William Morton, the witness' father, had telephoned on 29 January 1969 and said that his son had been called to active duty in Viet Nam and would be unavailable to testify.

It appears to us that the substantial merits of this case will not be determined by affirming or reversing the order from which the appeal was taken and that the purposes of justice will be advanced by permitting further proceedings in the cause. Md. Rule 1071. We remand the case to the lower court with directions to make findings of fact on the evidence that was presented at the hearing and on the introduction of such additional evidence as it may deem necessary for determining the question of a denial of a speedy trial upon its merits as if no appeal had been taken and the order from which the appeal was taken had not been passed. These factual findings should go to the demand for speedy trial; whether the delay was "substantial" or less than "substantial;" the duration of the delay properly chargeable to the State; whether such delay was purposeful, oppressive or negligent on the part of the State; the materiality of the alleged witness' testimony; the availability of the witness during such time as the State could with reasonable diligence have prepared for trial; the present unavailability of the witness; whether the appellant waived his right to a speedy trial; and such other matters as the hearing court may think advisable to enable it to determine the question with respect to the four factors relevant to a consideration of the facts and circumstances it finds. The findings of the facts and circumstances by the hearing court shall be reflected on the record. Having found such facts and circumstances, the hearing court shall determine whether or not the appellant was denied a speedy trial by considering them with regard to the relevant factors.

*Case remanded for further proceedings in accordance with this opinion; costs of this appeal to be paid by the Mayor and City Council of Baltimore.*