## STATE OF MARYLAND *v.* RICHARD ROGER OGLESBY

[No. 130, September Term, 1969.]

*Decided January 12, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E.*

*Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellant.

*John D. Hackett* (*James W. McAllister* on the brief) for appellee.

THOMPSON, J., delivered the opinion of the Court.

These proceedings arise from an appeal by the State from an order of the Criminal Court of Baltimore dismissing the murder indictment for the lack of a speedy trial, as required by both federal and state constitutions.

Richard Roger Oglesby, the appellee, was originally convicted of murder after a trial held in the Criminal Court of Baltimore between April 29, 1965 and May 4, 1965. A motion for a new trial was pending at the time the Court of Appeals rendered its decision in the case of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. After Oglesby's election to exercise his rights thereunder, a new indictment was returned on August 19, 1966.

On March 17, 1967, a motion to dismiss the indictment for the lack of a speedy trial was filed. A hearing was held on the motion on April 4, 1967, but the matter was held *sub curia* until February 24, 1969 when it was granted. On November 22, 1967, the case had been set for trial but postponed because of the pendency of the preliminary motion. On January 29, 1969 court appointed defense counsel was released from the case and the appearance of retained defense counsel was entered. At the argument on the motion, Oglesby's counsel contended the critical period to be considered was from March 17, 1967 to February 24, 1969, and we agree no lack of a speedy trial was shown prior to March 17, 1967, the date the motion was filed. The record shows the accused was personally prejudiced by confinement, but shows no prejudice to his defense.

The trial judge granted the motion for the following reasons:

"THE COURT: Mr. Graham has constantly tried to put his client in the best position in order to bargain with the State. Frankly, you may technically call the matter sub curia; it really wasn't sub curia. I knew what I was trying to do right from the beginning and so indicated to both Mr. Howard and Mr. Graham what I felt should be done, and I do not find now, as I did not find then, any merit in the contention, and I believe my feeling at that point is buttressed by recent cases, but I would be something less than candid with you if I did not tell you the thing that now disturbs me — can court-appointed counsel, which Mr. Graham was, because I appointed him, can court-appointed counsel against the desires of his client forestall a speedy trial in order to attempt to bargain with the State? I am stuck with this problem. This is the thing that worries me."

\* \* \*

"THE COURT: Of course, appropros [sic] of your remarks and the first communication I had from Mr. Oglesby which was the first of this year requesting that this matter be disposed of. Mr. Graham professes not to recall any colloquy with me concerning the memorandum of law. Well, that certainly—that is not a figment of my imagination, nothing that I dreamed up. I did request a memorandum of law."

\* \* \*

"I find that you are in this position. Mr. Graham was negotiating with the State of Maryland through several of its Assistant State's Attorneys throughout a several year period, and negotiated a plea for you."

\* \* \*

". . . as I see it, you have been deprived of a very vital constitutional right, and while your

own counsel is pressing for a plea bargaining, I am convinced beyond a reasonable doubt that this was not of your doing. I am convinced that beyond a reasonable doubt, right or wrong, you have maintained stoutly your innocence throughout this whole proceedings, and your insistence upon a trial bears this out.

"I don't know whether you are innocent, I don't know whether you are guilty, but I do know this. I am mindful not only of the Constitution of the United States, but the Constitution of the State of Maryland, and I firmly feel that you have been, through the efforts of a series of well-meaning people who have tried their very best to help you, deprived of your constitutional rights, and I will grant your motion."

Under the cases it is clear the right to a speedy trial can be waived. *State v. Long and Nelson,* 1 Md. App. 326, 230 A. 2d 119, *West v. State,* 3 Md. App. 662, 240 A. 2d 653, *Wilson v. State,* 8 Md. App. 299. In the instant case Oglesby sat by until about January 1, 1969 while his counsel attempted to negotiate a plea bargain with the State.[1] Whatever may be the authority of a court appointed counsel, or of retained counsel, for that matter, an accused cannot be permitted to wait while his counsel attempts to work out a favorable plea bargain and then, after a satisfactory bargain appears impossible, have the proceedings dismissed for the lack of a speedy trial. There is no suggestion of bad faith on the part of either defense counsel or the State. The length of the delay was not so great as to be shocking. See *United States v. Ewell,* 383 U. S. 116, 86 S. Ct. 773, 15 L.Ed.2d 627, and *In re Provoo,* 17 F.R.D. 183 (D.Md.), *aff'd sub nom United States v. Provoo,* 350 U. S. 857, 76 S. Ct. 101, 100 L. Ed.

---

1. According to the trial judge's findings of fact, there was no request for a trial during the critical period until about January 1, 1969.

761. There was no demonstrated prejudice to the defense.

> *Order reversed and case remanded for further proceedings consistent with this opinion. Our mandate to issue forthwith.*