## STATE *v.* FRANK DELANO CAVEY

[No. 87, September Term, 1970.]

*Decided February 17, 1971.*

The cause was argued before MURPHY, C.J., and MORTON and MOYLAN, JJ.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* and *Donald F. Johnson, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellant.

*Richard D. Stack* for appellee.

MORTON, J., delivered the opinion of the Court.

The sole issue in this appeal by the State of Maryland from an order of the Circuit Court for Anne Arundel County dismissing criminal indictments against the appellee, Frank Delano Cavey, is whether the lower court's finding that he had been denied his constitutional right to a speedy trial should stand. We think it should not.

Indictments against Cavey were returned by an Anne Arundel County grand jury on October 8, 1964, charging him with armed robbery, conspiracy to commit armed robbery and forgery. Because of the decision in *Schowgurow v. State,* 240 Md. 121, he was reindicted on November 10, 1965.

Prior to the original Anne Arundel County indictments, Cavey had been convicted of armed robbery in the State of Florida on September 8, 1964, and sentenced to prison for a term of six months to five years. While serving this sentence, he was convicted of escape and sentenced to an additional term of eighteen months.

In June of 1969 Cavey filed, *pro se,* in the Circuit Court for Anne Arundel County a "demand for trial on the charges against him in the above court, else dismiss said charges." Thereafter, he was released from the Florida prison and extradition proceedings were initiated by Anne Arundel County authorities which Cavey at first resisted and then apparently waived. Upon his return to Maryland, counsel was appointed to represent him; a motion to dismiss the indictments for lack of a speedy trial was filed; and, after an evidentiary hearing, the court passed an order dismissing the indictments on that ground.

In the "demand for trial" filed by Cavey in June 1969, he asserted that while awaiting trial in, Florida "the State's Attorney for Anne Arundel County signed a warrant for detainer against this defendant on or about July 5, 1964." At the hearing on his motion to dismiss the indictments, Cavey testified that he had been told of the "detainer for armed robbery" but could not remember whether he had been advised of the other charges. He further testified that on March 1, 1965, he wrote a letter to the State's Attorney for Anne Arundel County offering to make restitution "if he could get the detainer dropped." In April 1969 the State's Attorney advised Cavey that the detainer would be withdrawn upon his making restitution and Cavey informed the State's Attorney by letter dated May 1, 1969, that restitution would be promptly made. Restitution was never made and the State's Attorney advised Cavey by letter dated August 1, 1969, that because of his failure to make restitution "my offer to remove the detainer against you is withdrawn." Upon Cavey's return from Florida, his case was set for trial and the motion for dismissal ensued.

It is in this factual posture that we are asked to determine whether Cavey was denied his constitutional right to a speedy trial. The right is anchored in our Federal Constitution [1] and in the Maryland Declaration of Rights.[2] It is a right which has been discussed by this Court in nearly a half hundred cases. The principles shrouding the right to a speedy trial have been articulated in these cases with great particularity and their repetition here would serve no needful purpose. It is a right which an accused may validly waive, as other constitutional rights may be waived. *State v. Oglesby,* 8 Md. App. 415, and cases cited therein. Whether a waiver is found to have occurred depends, of course, upon the conduct of the accused. A salient factor in any such determination is the failure of the accused to affirmatively assert the right by demanding a prompt trial.[3] See Note, *The Lagging Right to a Speedy Trial,* 51 Va.L.Rev. 1587, 1601-1610 (1965).

It is apparent from the record before us that no demand or request for trial was made prior to June 1969. In fact, it is abundantly clear that Cavey was not interested in a prompt trial. Rather, he sought to avoid any trial by negotiating an agreement with the State's Attorney under which the charges against him would be withdrawn in exchange for his making restitution. In the course of the hearing, Cavey readily acknowledged that at the time he made the offer of restitution in his letter of March 1, 1965, he "didn't want a speedy trial." With reference to his letter of May 1, 1969, to the State's Attorney, he was asked: "* * * Did you at that time, want a speedy trial?" and he replied: "No, I didn't." Thus, it is apparent that prior to June, 1969, he not only did not

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." U. S. Const., Amdt. VI.
2. Md. Declaration of Rights, Art. 21.
3. It is common knowledge that many individuals who stand accused of crime seek delay of trial on the merits rather than be subjected to a prompt trial. See statement of Chief Justice Burger in *Dickey v. Fla.,* 398 U. S. 30, 37-38.

seek a speedy trial but, as late as May, 1969, he was actively pursuing steps to prevent a trial.

We think the factual posture of this case is not unlike that which was before this Court in *State v. Oglesby, supra*. There, an approximate two-year delay occurred and we found that the delay was occasioned by the efforts of counsel for the accused "to negotiate a plea bargain with the State." We held that "an accused cannot be permitted to wait while his counsel attempts to work out a favorable plea bargain and then, after a satisfactory bargain appears impossible, have the proceedings dismissed for the lack of a speedy trial." It is true that we there observed that "the length of the delay was not so great as to be shocking" and the lower court here found the delay to be "shocking." Having so found, the court held that, not withstanding Cavey's demonstrated course of conduct, he could not be deemed to have waived his right to a speedy trial.

As indicated in the many adjudicated cases in this Court involving the right to a speedy trial, each case must be judged in light of the particular facts and circumstances presented by the record. It is not necessary here that we enunciate a doctrinaire proposition of law that where the delay is found by the trier of facts to be "shocking", it inexorably follows that an accused cannot be said to have waived his speedy trial right.

Here, it is clear that as early as July 1964 Cavey knew that a charge of armed robbery was pending against him in Anne Arundel County. It is evident from his course of conduct while incarcerated in the Florida prison that his prime concern was to have the charges dropped and that as a means to this end he offered in March 1965 to make restitution. While the record is unclear as to what took place between that time and April 1969, it is clear that Cavey was successful in persuading the State's Attorney to accept his proposal of restitution in exchange for withdrawing the charges. Had Cavey honored his "part of the bargain" we can only assume that the State's

Attorney would have carried out his obligation under the agreement. Cavey did not make restitution and, instead, resorted first to a "motion for trial" and later to a motion to dismiss the indictments on the ground that he had been denied a speedy trial. We do not think that an accused, under these circumstances, should be permitted to escape trial under the guise that his constitutional right to a speedy trial has been denied him. We think that the course of conduct followed by Cavey, including his escape from the Florida prison, his initial resistance to extradition to Maryland and his efforts to have the charges withdrawn demonstrate a knowing waiver of his right to a speedy trial and that the State, as representative of the community, should not be deprived of its right to have a judicial determination of Cavey's guilt or innocence of the crimes charged.

We find nothing in *Smith v. Hooey,* 393 U. S. 374, which would compel a different holding. There, the Supreme Court found that where a State has filed criminal charges against an individual incarcerated by another sovereign, his Sixth Amendment right to a speedy trial cannot be dispensed with on the ground that such incarceration makes him theoretically or possibly unavailable for trial in the State court. Precisely, the Court held: "Upon the petitioner's demand", the State has "a constitutional duty to make a diligent, good faith effort to bring him before the * * * court for trial." The hinge upon which the holding is fastened is found in the expression: "Upon the petitioner's demand." In the case at bar, no demand for trial existed until after the accused, Cavey, had reneged on his agreement to make restitution. Once his demand was forthcoming, the State acted with all due diligence, including the initiation of extradition proceedings, to make him available for trial. We cannot find that the circumstances here measured up to a denial of Cavey's constitutional right to a speedy trial.

> *Order vacated; case remanded*
> *for trial.*