STATE of Delaware

v.

Joseph J. McDEVITT, Defendant.

Superior Court of Delaware,
New Castle.

Oct. 10, 1972.

 

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for State.

Robert G. Carey, Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

## OPINION

O'HARA, Judge.

■ Defendant, Joseph J. McDevitt, has moved for an order directing Trooper Michael Neal, an undercover narcotics agent of the Delaware State Police and the principal prosecution witness against defendant, to make himself available for a pretrial interrogation by defense counsel and to answer all relevant questions asked which are not privileged.

On or about November 29, 1971, defendant allegedly sold heroin to Trooper Neal, who in plainclothes, was posing as a buyer, at defendant's home. Defendant was arrested for this offense sometime later and prior to an indictment charging him with selling heroin in violation of 16 Del.C. § 4725. In the interim, however, preliminary hearings scheduled for February 13 and 25, 1972, resulted in dismissal of the charges for lack of prosecution.

Counsel retained by defendant found that he was unable to glean sufficient details of the offense from the sparsely worded indictment, and defendant, himself, was unable or unwilling to provide factual details essential to preparation of an adequate defense. Defense counsel thereupon made a timely motion for a Bill of Particulars which still did not provide or lead him to the necessary information sought. Accordingly, the police officer-witness Neal having refused to discuss the case with him, defense counsel filed this motion seeking a court order compelling Neal to submit to an interview by defense counsel.

It is important to note that the defense does not rely upon the Court's Rules of Criminal Procedure but, rather, upon the inherent powers of the Court to further the ends of justice. No contention has been made that the State has in any way interfered with the right of the defense to interview prosecution witnesses. Trooper Neal, apparently on his own, has simply refused to discuss the case with defense counsel.

■ As the State correctly points out in vigorously opposing the defense's motion, the general rule is that the State cannot compel or prohibit any of its witnesses from speaking to defense counsel because there is no property right in any witness on the part of either the prosecution or defense. Barnett v. State, 8 Md.App. 35, 257 A.2d 466 (Md.Ct. of Appeals 1969).

There is a clearly discernible trend toward more liberal discovery in criminal cases which, although it lags far behind discovery in civil actions, seeks to improve the quality of criminal justice by doing away with the old practice of trial by ambush. See, e. g., Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure, 48 F.R.D. 547, 587 (1970); Report of the Special Committee on Federal Rules of Procedure, 52 F.R.D. 87, 96 (1971); Standards Relating to Discovery and Procedure Before Trial, Am. Bar Assn. (1970); Vt.Stat.Anno. Title 13, § 6721 (Supp.1969). From the record before it, this Court is convinced that without the chance to question the officer before trial, defense counsel will be unable, to gather information essential to his client's defense. The issue thus presented is whether the general rule should apply or whether the facts here warrant a deviation from this rule.

■ In Wisniewski v. State, 1 Storey 84, 138 A.2d 333 (Del.Supr.1957), defendant sought to examine the arresting officer

two days before trial began. When the State refused to permit the questioning, defense counsel failed to raise the matter before the court and at trial subjected the witness to full cross-examination. On appeal, defendant claimed that the State's refusal to permit pretrial questioning of the officer prejudiced his right to a fair trial by denying him the opportunity to obtain information to be used in cross-examining the witness. The Supreme Court refused to reverse Wisniewski's conviction on this ground because he neglected to raise the issue before the trial court, but stated:

> "We think that the refusal of the State to permit defendant's counsel to examine the police officer prior to calling him to the witness stand was improper. . . . *On proper application the court would undoubtedly have ordered the witness to discuss any facts within his knowledge relative to the crime which were not privileged. That there is no specific rule of court upon the point is immaterial.* The trial court would have the inherent right, in the interest of justice, to overrule the order of the enforcing authorities since such an order was in effect an interference with the subpoena." (Emphasis added).

In the absence of an express ruling of the Supreme Court on this point, the very strong *Wisniewski* dictum may be accepted as the law in Delaware. See 21 C.J.S. Courts § 190, pgs. 313–314.

The police officer occupies a dual rule in our society. He is, above all, a citizen with all the rights, privileges and immunities of a private citizen. But, as a police officer, he is clothed with power and authority and burdened with duties that his fellow citizens are not. This Court is well aware of the various reasons advanced by other authorities for refusing to compel witnesses to be examined by the defense before trial. Suffice it to say that here there is no likelihood of such evils occurring. Certainly a trained police officer is better prepared than most to defend himself against such dangers. In *Wisniewski*, supra, the witness was a police officer; in none of the authorities cited by the State was the witness from whom information was sought by the defense a policeman.

Solely on the facts presented in the case before us, this Court believes that it may, in its discretion, order a prosecution witness to submit to pretrial interviews by the defense, as to unprivileged information known to the witness, upon a showing by the defense that a diligent effort has been made to obtain information essential to preparation of the defense case without success, or that such efforts, if made, would be fruitless. The defense must satisfy the Court that (1) the witness can reasonably be expected to provide the needed information, (2) the information is of such nature that failure to obtain it would unfairly impair preparation of the defense case, (3) other means of obtaining the information are or will be unavailing, and (4) the inability to obtain the information is attributable to more than mere inconvenience, difficulty or expense.

It is within the inherent power of the Court to limit the interrogation as it sees fit. Moreover, the State may attend the interview and exercise its right to object to any defense questions which intrude into privileged areas and seek the ruling of a Judge as is commonly done during deposition taking in civil actions.

The Court reiterates, however, that this decision is expressly confined to the unusual facts of the case before us and should in no way be construed to relieve the defense of its burden of obtaining facts to support its case through more normal discovery methods.

For the reasons set forth herein the Court is of the opinion that defendant's motion should be granted.

It is so ordered.