GROGG *v.* STATE

[No. 260, September Term, 1962.]

*Decided June 5, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Roger C. Duncan* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III,* and *Gerard V. Caldwell, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

PER CURIAM.

Appellant, Lester L. Grogg, was found guilty of murder in the first degree, without capital punishment, by a jury in the Circuit Court for Baltimore County, and was sentenced to life imprisonment. He appeals from the judgment.

The evidence shows that on the evening of September 3, 1961, the appellant and an accomplice, Robert Kelley, went to the home of Mrs. Katie Hoffheiser with the intent to rob her. Appellant gained entrance on the pretense of purchasing some eggs and while he sat talking with Mrs. Hoffheiser, Kelley, who had remained outside with a loaded rifle, fired a shot through the screen door which fatally wounded the victim. Appellant then took approximately $28.00 of the deceased's money and left the premises with Kelley.

Appellant and his accomplice were indicted for first degree murder, to which appellant pleaded "not guilty" and "not guilty by reason of insanity." Kelley was tried separately, prior to the appellant. The sole question presented on this appeal is whether the trial court erred in refusing to permit defense counsel to propound the following question to prospective jurors on *voir dire* examination: "Now, in the past hundred years, do you believe that we have made great progress, some progress, or little progress in the field of understanding and treating mental illness?" In sustaining the State's objection,

the trial judge said he thought the question too broad. It is appellant's contention that this question goes to possible bias on the part of veniremen toward the science of psychiatry and that should such bias exist and be revealed by the answer it would prevent the juryman from properly weighing the psychiatric evidence to be presented at the trial. We note that appellant failed to propound any further questions to the veniremen on the same subject.

Article XXI of the Declaration of Rights of the Maryland Constitution has been held to guarantee to a defendant the privilege of examining prospective jurors for the purpose of determining possible causes for disqualification. *Chernock v. State,* 203 Md. 147. See also *Giles v. State,* 229 Md. 370. However, since there are no statutes or precise rules regulating the procedure (cf. Maryland Rule 745), the nature and extent of *voir dire* examination rests in the sound discretion of the trial court. *Connor v. State,* 225 Md. 543, aff'd 368 U. S. 906. As was stated in *Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 201: "Clearly the interrogatory, assuming the subject of the inquiry was proper, was not so framed as to probe for the existence of cause for disqualification which is the sole purpose of the *voir dire* examination." It is well established that questions asked prospective jurors which are not directed to a specific ground for disqualification may be refused in the discretion of the trial court. *McGee v. State,* 219 Md. 53 ; *Whittemore v. State,* 151 Md. 309.

We do not think that the trial court abused its discretion in holding the question too broad. In the form used it was a vague, blunderbuss-type question, the answer to which would have been of little aid in appellant's determining whether a particular juror had any predisposition concerning either the science of psychiatry or the defense of insanity. Since the ruling of the trial court merely held that the question was objectionable in form and there was no hint that the court intended to preclude more suitable questions, no error is apparent.

*Judgment affirmed.*