## MASON *v.* STATE

[No. 162, September Term, 1965.]

708

*Decided April 18, 1966.*

The cause was submitted to PRESCOTT, C. J., and MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

Submitted on brief by *Barry H. Helfand* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Julius A. Romano, Assistant Attorney General,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* for the appellee.

PER CURIAM.

James Abraham Mason appeals from a judgment of conviction entered by the Circuit Court for Montgomery County on a jury verdict of guilty of the possession and control of heroin in violation of Code (1957) Art. 27, Sec. 277. Mason was indicted jointly with Percy W. Lawson. Counsel was appointed for Mason; he pled not guilty, and was given a separate trial. In his appeal, he contends that the trial court erred in denying his motion to strike the testimony of the State's expert witto proceed to question him and his chief witness as to their crimness, in denying a voir dire question and in allowing the State

inal records after his counsel was prevented from continuing to question them as to their records.

Testimony at the trial revealed that Mason, while being pursued by police, threw a "brown package" underneath the automobile in which he was riding in the company of Lawson and two other men. The contents of the package were examined by a qualified chemist. The chemist, called by the State, testified that his tests showed "traces of heroin, which is a derivative of opium." Counsel for Mason moved to strike the testimony classifying the substance as heroin because, on cross-examination, the expert, after again stating that the test positively identified heroin, conceded that one of the substances revealed by the test could have been an opium alkaloid without narcotic effect.

Mason contends that the expert's testimony should not have been admitted because it was inconsistent in that while the chemist testified heroin was present he conceded a non-narcotic could have been present. We find no inconsistency in the testimony. The presence of heroin does not exclude the possible presence of foreign matter. The testimony of the chemist permitted the inference, beyond a reasonable doubt, that the substance found in the package contained heroin. *Mazer v. State,* 212 Md. 60, 66, 127 A. 2d 630 (1956).

The voir dire question denied by the trial court was whether any of the jurors had seen two articles in Life magazine concerning narcotics, and, if so, whether any jurors had formed a prejudice from the articles. Mason contends the question was proper; he also argues that, because the question was denied, the trial court should have propounded a question regarding prejudice. Article XXI of the Maryland Declaration of Rights guarantees a defendant the privilege of examining prospective jurors for the purpose of finding possible causes of disqualification. *Grogg v. State,* 231 Md. 530, 532, 191 A. 2d 435 (1963). "[I]n this State the extent of examination of prospective jurors rests within the sound discretion of the trial court." *Yopps v. State,* 234 Md. 216, 222, 198 A. 2d 264 (1964) and *Grogg, supra.* The trial court did not abuse its discretion in denying the question; general knowledge as to narcotics would not disqualify jurors.

In contending that the court should have then propounded a

question regarding prejudice, Mason relies on *Brown v. State,* 220 Md. 29, 150 A. 2d 895 (1959). In *Brown* the Court held it was error for the trial court not to elicit from the jury the essence of the information sought by the appellant as to prejudice against Negroes. In *Casey v. Roman Catholic Archbishop,* 217 Md. 595, 143 A. 2d 627 (1958), the essence of the information sought was knowledge that the action was against a corporation sole and not against the Archbishop personally or in his ecclesiastical capacity. The cases are not apposite. See *Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 167 A. 2d 96 (1961). Here, the question went only to general prejudice against narcotics, based on particular magazine articles not offered to the court.

In his defense, Mason called Percy W. Lawson. On direct examination, Mason's counsel inquired as to Lawson's past criminal record. After a conference with the presiding judge, this line of questioning was terminated. On cross-examination the State was permitted to inquire into Lawson's record for the purpose of impeaching Lawson's credibility. Essentially the same pattern of questioning occurred when Mason took the stand in his own defense. Mason contends he was prejudiced by the court's permitting the State to ask questions as to Lawson's and his own criminal record on cross-examination after the entire records were not brought to the jury's attention on direct examination. The record indicates that the defendant's counsel accomplished his objective of pointing out to the jury that the defendant and his chief witness were not attempting to hide their past records. A party may not impeach his own witness, *Born v. Hammond,* 218 Md. 184, 191, 146 A. 2d 44 (1958) and *Bruce v. State,* 218 Md. 87, 94, 145 A. 2d 428 (1958), but a prior criminal record is admissible to impeach the credibility of a witness on cross-examination in the trial court's discretion. *Taylor v. State,* 226 Md. 561, 564-67, 174 A. 2d 573 (1961) and cases therein cited.

*Judgment affirmed.*