DAVID PHILLIP BROWN AND JERRY WAYNE MONTGOMERY *v.* STATE OF MARYLAND

[No. 197, September Term, 1967.]

142

*Decided April 26, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*John S. Arnick, Johnson Bowie,* and *Donald J. Gilmore* for appellants.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *E. Harrison Stone, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

PER CURIAM.

On June 2, 1967, the Circuit Court for Baltimore County (Raine, J.) denied appellants' motions to dismiss indictments

filed against them on April 18, 1966, on the ground that they had been denied their constitutional right to a speedy trial. From the denials of their motions, these appeals have been taken.

The pertinent facts are these: Appellants were arrested in Anne Arundel County on May 17, 1965 on criminal charges originating in that jurisdiction, and were confined in the Anne Arundel County jail. Appellant Montgomery was subsequently convicted of attempted escape from the Anne Arundel County jail and sent to the Maryland House of Correction. In June of 1966, both appellants were tried and convicted for the Anne Arundel County offenses for which they were arrested on May 17, 1965 and each was sentenced to seven years imprisonment in the Maryland Penitentiary, appellant Brown being sent to that institution on July 22, 1966 and appellant Montgomery being sent there on November 17, 1966.

Appellants were also charged on June 1, 1965 under warrants issued out of Baltimore County for murder, assault and robbery allegedly committed on May 4 and 9, 1965. They were indicted for these offenses in Baltimore County on April 18, 1966.

These additional facts are pertinent to an understanding of appellants' contentions that they were denied a speedy trial.

*As to appellant Brown:*

1. That in June of 1965 he learned informally that possible charges existed against him in Baltimore County, but did not know the details thereof.
2. That on October 9, 1965 he wrote the State's Attorney for Baltimore County requesting trial on these charges. The State's Attorney had no record of receiving this letter.
3. That on April 18, 1966 a copy of the indictment and bench warrants were sent to the Anne Arundel County jail. There was no evidence that Brown received these documents.
4. That on March 10, 1967 Brown was arraigned on the Baltimore County charges and counsel was appointed. He received his first formal notice of the charges against him at that time.
5. Brown filed a motion to dismiss for denial of a speedy trial on March 20.

6. Brown wrote the State's Attorney on April 17, 1967 requesting immediate trial.
7. On May 26, 1967 Brown filed another motion to dismiss the indictments on the basis that he was denied a speedy trial.
8. Brown's motion to dismiss was denied by the court on June 2, 1967.

*As to appellant Montgomery*:

1. In May of 1966 he was advised at a parole hearing (relating to still another offense) that he would not be paroled because a Baltimore County detainer, the nature of which was not disclosed, had been filed against him.
2. Montgomery wrote the State's Attorney of Baltimore County on September 4, 1966 requesting a speedy trial. The State's Attorney had no record of that letter.
3. Montgomery notified of the Baltimore County charges by his classification officer at the Penitentiary on November 17, 1966.
4. On March 10, 1967 Montgomery was arraigned and counsel was appointed for him, at which time he received his first formal notice of the indictments.
5. On June 1, 1967, Montgomery filed a motion to dismiss for failure to grant a speedy trial, which motion was denied by the court on June 2, 1967.

On the basis of these facts, the lower court concluded, as to appellant Brown, that while there were "unexplained and unwarranted delays in the prosecution of these cases * * * under the circumstances they do not amount to a denial of constitutional rights." The court further held that appellant Brown had not waived his right to a speedy trial but that he made no showing that the delay was purposeful or oppressive. As to appellant Montgomery, the lower court found no denial of his right to a speedy trial since, though having knowledge of the existence of the charges since May of 1966, he made no demand to the court for a speedy trial and took no steps to secure a speedy trial after learning in November of 1966, that charges were outstanding against him in Baltimore County. The court concluded

that the delay, if any, on the part of the State was neither purposeful or oppressive.

In *Lawless v. State,* 3 Md. App. 652, we held that it is only after a prosecution has been initiated that the issue of a speedy trial can be raised and that even where the right accrues to an accused, he may waive it by failing to demand it, or, having demanded it, he may waive it by his conduct thereafter. In *Stevenson and Borum v. State,* 4 Md. App. 1, we held that a delay from indictment to trial of approximately twenty-one months was less than substantial under the facts of that case, and that even where the State's failure to bring the accused to trial was due to its negligence, nevertheless, some showing by the accused of "a strong possibility of prejudice is required," even though the right to a speedy trial had not been waived. In that case, we placed reliance upon *United States v. Banks,* 370 F. 2d 141 (4th Cir.), a case involving a ten-month delay after indictment, where the court concluded that although it could not justify the inactivity of the prosecution, considering all of the circumstances, including the length of the delay and the possible prejudice to the defendant, that there had been no deprivation of the accused's constitutional right to a speedy trial.

Under the circumstances of the present case, we hold that the delay from indictment to trial was less than substantial within the meaning of *Stevenson and Borum,* and we find nothing in the record to show that either appellant suffered any "strong possibility" of prejudice to his person or to his defense. Indeed no such prejudice was seriously asserted. Considering all of the circumstances, including the length of the delay and the possible prejudice to the appellants, we think that the lower court properly concluded, after conducting hearings on appellants' motions to dismiss, that neither had suffered any deprivation of his constitutional right to a speedy trial.

*Orders denying the motions to dismiss the indictments affirmed.*