## SAMUEL ROBERT FRAZIER *v.* STATE OF MARYLAND

[No. 318, September Term, 1967.]

*Decided September 16, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard L. Stern* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard S. Chasanow, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty of robbery with a deadly weapon by a jury in the Circuit Court for Prince George's County and sentenced to imprisonment for a term of 10 years. He contends on appeal from the judgment that he was denied a speedy trial and that the evidence was not sufficient to sustain the conviction.

## SPEEDY TRIAL

The appellant was presented and indicted on 1 April 1966, charged with an offense alleged to have been committed on 8 March 1966. On 17 August he filed a motion for a speedy trial in proper person in which he alleged that he was then con-

fined in the federal prison at Lorton, Virginia serving a 1 year sentence imposed 22 April by the United States District Court for the District of Columbia. The State answered the motion on 1 September, stating that it was ready and willing to proceed with the arraignment and trial and that it did not consent to a withdrawal of a detainer placed against him. On 8 September a speedy trial was granted by order of court, directing that the State's Attorney forthwith take the necessary steps to have the appellant brought before it for trial from the place where he was confined. The order appointed counsel for the appellant "with specific instructions to see that all necessary steps and procedure are complied with in order to produce the defendant before this Court in order to carry out the desire of the Court to grant a speedy trial." On 12 September the appellant in proper person filed a reply to the State's answer to his motion for a speedy trial, demanding "a copy of the information used by the State's Attorney, and presented before the Grand Jury for a true indictment * * *"; "a Copy of Bill of Particulars"; "any other documental material being used to bring about a trial"; and "a copy of Indictment".[1] The appellant stated that the motion was "being submitted pursuant to the provisions of Title 18, U.S.C., Section 3500, and the JENCKS RULE, Fed. R. Crim. Procedure." On 6 October a writ of habeas corpus ad prosequendum was issued on petition of the State's Attorney to the superintendent of the D. C. Reformatory, Lorton, Virginia commanding him to have the appellant before the Circuit Court for Prince George's County on 20 October 1966. The docket entries under date of 20 October show the case continued to 27 October 1966. On 28 October

1. The docket entries show under date of 1 April 1966 that a bench warrant was issued with a copy of the indictment delivered to the Sheriff for service and under date of 14 June 1967: "Returned 'cepi' as to Frazier, filed." There was endorsed on the warrant under date of 14 June 1967 over the signature of the Sheriff of Prince George's County: "Cepi and copy of indictment given to Samuel Frazier." On the docket the entry as to the giving of the cepi and indictment immediately follows an entry dated 1 April 1966 and immediately precedes an entry dated 14 April 1966 which is followed in chronological order by seven other entries made in 1966.

counsel for the appellant wrote the Assistant State's Attorney that the "arraignment procedure under our Rules is an extremely important facet of the criminal procedure and we feel it would be prejudicial to our client to have him arraigned the same day of the trial." He requested that the appellant be presented for arraignment "at the next earliest possible time." On 28 November the State's Attorney wrote defense counsel informing him that the case was set for trial on 8 December, giving the name of the assistant to which it had been assigned and requesting that counsel contact the assistant to discuss the trial. A writ of habeas corpus ad prosequendum was issued on 30 November to the superintendent of the Reformatory at Lorton to deliver the appellant to the Circuit Court for Prince George's County for trial on 8 December. On 19 December the State's Attorney wrote defense counsel that the case was set for trial on 17 January 1967 and on 12 January that it was set for trial on 9 March. On 1 March a writ of habeas corpus ad prosequendum was issued for the appearance of the appellant for trial on 9 March. On 23 March the appearance of counsel for the appellant was stricken and another counsel appointed by the court to represent him. On 3 April the State's Attorney wrote defense counsel that the case was set for trial on 14 April, and a praecipe for witness summons was filed on 5 April, returnable 14 April. On 7 April the appellant, by his attorney, filed a motion to dismiss the indictment for lack of a speedy trial and under date of 14 April the docket shows the case continued. On 21 June the State's Attorney wrote defense counsel that the case was set for trial on 8 August. On 22 June the appellant was arraigned. On 29 June he wrote the court alleging that his counsel was not present at the arraignment (a plea of not guilty was entered on arraignment by the court in absence of counsel) and requesting that bond be set so he could "seek legal assistance elsewhere, to prepare a defense for pending charges." On 30 June bond was set in the amount of $5000. The case came on for trial on 8 August. After the jury had been empaneled and sworn the motion to dismiss the indictment, filed 7 April 1967, was argued out of the presence of the jury. No evidence was offered by the appellant on the issue. Defense counsel reviewed the docket entries but did not know

why the case was not tried as set on 20 October 1966 and 27 October. The trial set for 8 December was not had because the appellant's counsel at that time filed a motion for a continuance until February 1967. The trial set for 9 March was not had because "a series of events beyond the control of my client took place which took his attorney out of the conduct of the business of law." Counsel representing the appellant at the trial was appointed 23 March and trial was set for 14 April. According to counsel, at that time the appellant had been released under the District of Columbia Bail Bond Act and the attorney in Washington, representing him on another and unrelated charge, told him not to appear in Prince George's County until the matter in the District had been determined. Therefore the appellant did not appear for trial. Defense counsel suggested to the court that it would be impossible "for any of us sitting here in this room today * * * to tell or figure out what we were doing on March 8, 1966," and that the appellant could not prepare a defense or "an alibi defense." He conceded that he could not say or prove that the delay was purposeful on the part of the State but alleged that it was oppressive and prejudicial. He indicated that the State should be charged with the delay because the court appointed attorney "for some reason or other couldn't carry out his job. We don't know why. That is conjecture on all our parts at this time." But he offered no evidence in support of his bald allegations, suggestions and conjectures. The court denied the motion to dismiss.

Considering: (1) the length of the delay (we do not think that the passage of time here between indictment and trial itself demonstrates a violation of the right) ; (2) the reason for the delay (the State was ready and willing to proceed to trial on and after 20 October 1966, had set a trial date on a number of occasions and took steps to obtain the presence of the appellant. There is no showing that the delay was purposeful or capricious on the part of the State and properly chargeable to it. On the contrary, on at least two occasions the delay was at the instance or caused by the appellant) ; (3) prejudice to the accused (even if it be assumed that the failure to bring the appellant to trial was due to the negligence of the State, which we do not find, some showing by the accused of "a strong possibil-

ity of prejudice" is required. The appellant made no such showing) ; (4) waiver by the accused (the request for continuance to February 1967 and his failure to appear for trial on 14 April 1967 may be deemed a waiver of the right to a speedy trial even though previously demanded by him), we find no deprivation of the appellant's constitutional right to a speedy trial. See *Brown v. State,* 4 Md. App. 141; *Thompson v. State,* 4 Md. App. 31; *Stevenson and Borum v. State,* 4 Md. App. 1; *Hall v. State,* 3 Md. App. 680; *Fabian v. State,* 3 Md. App. 270; *Tillery v. State,* 3 Md. App. 142; *Kelly v. State,* 2 Md. App. 730; *Dubs v. State,* 2 Md. App. 524; *Brown v. State,* 2 Md. App. 388; *State v. Long and Nelson,* 1 Md. App. 326. We hold that there was no error in the denial of the motion to dismiss the indictment.

## SUFFICIENCY OF THE EVIDENCE

The appellant's contention that the evidence was not sufficient to sustain the conviction is limited by him to the issue that although the indictment charged that the money taken by the appellant from the victim by robbery with a deadly weapon was the moneys of "Branch, Inc., a body corporate, T/A Sam's Car Wash", there was no evidence of the moneys "belonging to Branch, Inc." He alleges that, "[i]n fact, the name Branch, Inc. nor anything close to it was ever mentioned." [2] But the

---

**2.** The appellant states in his brief that the State did not use the form of indictment for robbery with a deadly weapon "required" by Md. Code (1967 Repl. Vol.) Art. 27, § 487, but used the common law form. It is § 489 of Art. 27 which sets forth a form of indictment for robbery with a deadly weapon. Section 487 sets forth a form of indictment for robbery. Neither form is "required" to be used. The sections merely provide that "it shall be sufficient to use a formula substantially to the following effect:" and set forth the formula. He also states that robbery "although one of the common law felonies, has been made a statutory crime" by Art. 27, § 486. We have held that robbery is a crime in Maryland under common law; § 486 does not define it but fixes the penalty for it. *Darby v. State,* 3 Md. App. 407, 413. We held in the same case that § 488 merely provides a more severe penalty for the existing crime of robbery when it is committed with a dangerous or deadly weapon and does not create a new substantive crime. *Jones v. State,* 3 Md. App. 608, 613.

transcript of the proceedings at the trial discloses that the victim testified that the money taken was "the company's money, Sam's Car Wash", that Sam's Car Wash was a corporation, and that the name of the corporation was "Branch Avenue, Incorporated, trading as Sam's Car Wash." The purpose of an indictment is to apprise the accused of the crime charged, *Dortch and Garnett v. State,* 1 Md. App. 173, so he may prepare his defense and be protected from double jeopardy. *Jackson v. State,* 231 Md. 591. We think it clear that the indictment apprised the appellant of the crime charged. And in any event, although an allegation of the ownership of property alleged to have been stolen is a necessary requisite in an indictment charging larceny and proof of ownership as laid in the indictment is an essential factor to justify conviction. *Anderson v. State,* 3 Md. App. 85, ownership of goods taken in a robbery need not be alleged in an indictment charging robbery or robbery with a deadly weapon and proof of ownership is not required; what is required is that the victim be shown to be the owner or that he had a legal interest or special property in the goods taken, as for example, be in lawful possession as bailee, *McMillan v. State,* 3 Md. App. 699. In the instant case the victim was conducting his business when the robbery occurred, the money was locked in the safe and he was forced to open the safe by the robbers. In answer to a direct question at trial, "In whose possession was the money?" he said, "The money belonged to the company. The money was in the safe. It was our possession, certainly." It is clear that the evidence was sufficient to show directly or by inference that the victim was the lawful possessor of the money taken from him and therefore the conviction was proper. *Harrison v. State,* 3 Md. App. 148.

*Judgment affirmed.*