# MARSHALL HENRY WILLIAMS *v.* STATE OF MARYLAND

[No. 476, September Term, 1968.]

*Decided September 25, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Calvin R. Sanders* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, State's Attorney for Montgomery County,* and *D. Warren Donohue, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant was convicted of robbery in a non-jury trial in the Circuit Court for Montgomery County and sentenced to a term of ten years.

The victim testified that as she was leaving a bank, carrying a pocketbook on her arm and a small, blue zipper bag containing $90 in change under her coat, she was approached by a Negro who "grabbed my pocketbook." In doing so, both the zipper bag and the pocketbook fell to the ground. The assailant picked up the zipper bag and ran, leaving the pocketbook where it had fallen. She testified that her assailant was wearing a cap, a car coat and large, dark, goggle-like glasses.

Another witness testified that as she was walking toward the bank she heard a lady scream and saw a Negro wearing dark glasses, small hat and car-length coat running toward her from the direction of the screaming woman. She proceeded to hit him with an umbrella she was carrying and knocked him to the ground. According to the witness, he then "scrambled on his hands and knees and went over the street" into the path of a Volkswagen car which was forced to drive up onto the sidewalk.

Another witness testified that he was working on the second floor of a building near the bank when he heard a woman scream, looked out the window and saw a man, whom he identified in court as the appellant, run from the direction of the screaming woman. He then observed the appellant being knocked down by a woman with an

umbrella and almost being hit by a Volkswagen car. He testified that the dark glasses had fallen from the appellant's face, his hat was askew and he had "a little blue bag" in his hand. While appellant was on the ground, according to the witness, "I got a look at him, yes, a good look at his face." He stated that he left the building and next saw the appellant around the corner after he had been apprehended by the police.

The final witness for the State was an off-duty policeman who was driving his private car in the vicinity of the bank when he heard a lady screaming and saw a man running. He stopped his car, gave chase, and when he caught up with the man shouted, "Halt, police officer." He drew his service revolver which the man grabbed and, after a struggle the officer subdued the individual and held him until uniformed police officers arrived. He identified the appellant in court as the individual he had apprehended.

It is first contended in this appeal that the act allegedly committed by appellant did not constitute the crime of robbery. We disagree.

Robbery has been defined as larceny from the person, accompanied by violence or putting in fear. *Osborne v. State,* 4 Md. App. 57, 60; *Harrison v. State,* 3 Md. App. 148. Otherwise stated, robbery is "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear." Clark and Marshall, *Crimes,* (6th ed.) § 12.09, p. 781; *Darby v. State,* 3 Md. App. 407, 413.

Appellant argues that the subject of the robbery, the money contained in the blue, zipper bag, was not taken from the person of the victim but was picked up after it had fallen to the ground. He asserts, moreover, that the victim's pocketbook was merely "grabbed" from her possession unaccompanied by any verbal threats or touching of her person, thus arguing, that two elements of the crime of robbery are missing. Although these arguments have a syllogistic ring, we think they are more sophistical than sound.

There is some authority for the proposition that one "who snatches money or a purse or other property from another's hand, if no resistance is encountered, is guilty of larceny rather than robbery." See Perkins, *Criminal Law,* p. 236; Clark and Marshall, *supra,* p. 782. Such factual situation could, conceivably, occur where the victim was unaware of the assailant's intentions or purposes and, thus, offered no resistance and experienced no emotion of fear. On the other hand, "[i]f there is any injury to the person of the owner, or if he resists the attempt to rob him, and his resistance is overcome, there is sufficient violence to make the taking robbery, however slight the resistance." Clark and Marshall, *supra,* p. 788.

The victim here asserted that she started screaming as the appellant approached her because she was afraid of him and then added: "When he grabbed my pocketbook naturally my arm went like this and the bag of money and the pocketbook both dropped to the ground."

We think that the evidence was sufficient for the trier of fact to find that she resisted the attempt to take her pocketbook and that her resistance was overcome, more force being used than was necessary to a mere act of snatching. Such a finding is supported by the fact that the robber was unable to maintain control of the pocketbook since both it and the zipper bag fell to the ground. Thus, we are of the opinion that the taking was accompanied by such a degree of violence on the part of the appellant as to support a finding of robbery rather than larceny.

Nor do we find any merit in appellant's contention that the bag containing the money was not taken directly from her person for it has been held that if the property which is the subject of the robbery is taken in the victim's presence, it is taken constructively from his person. Clark and Marshall, *supra,* p. 781. It was the conduct of the appellant which prevented the victim from maintaining personal possession of the bag containing the money. To argue, under the circumstances here, that an essential

element of robbery is missing because the bag was on the ground rather than on her person, amounts to sheer frivolity.

Finally, the appellant contends that the evidence relating to his identification as the robber was legally insufficient to sustain his conviction. It is true that the in-court identification of the appellant by the victim was stricken from the record on the ground that it was tainted by a pre-trial, out-of-court confrontation. There is in the record, however, the description of him given by the victim which was almost identical with the description given by the witness who saw him lying on the ground with a blue, zipper bag in his hand. This testimony, together with that of the off-duty police officer who gave chase to the fleeing appellant and, after a struggle, held him for the uniformed police, constituted, in our opinion, sufficient evidence to identify the appellant as the robber. In a non-jury trial, this Court cannot reverse a judgment of conviction on the evidence unless clearly erroneous. Md. Rule 1086. On the evidence in the record before us, we find no error in the trial judge's entry of the judgment of conviction.

*Judgment affirmed.*