# MAURICE PHENIOUS *v.* STATE OF MARYLAND

[No. 333, September Term, 1970.]

*Decided March 11, 1971.*

The cause was argued before ORTH, THOMPSON, and MOYLAN, JJ.

*Arthur M. Ahalt* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Regis A. Johnston, Assistant State's Attor-*

*ney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Maurice Phenious, the appellant, was convicted of armed robbery in the Circuit Court for Prince George's County. Judge Ralph W. Powers presiding with a jury, imposed a sentence of six years. The questions presented on appeal concern the adequacy of the *voir dire* examination of the prospective jurors and the sufficiency of the indictment. There is no need for us to detail the evidence.

## I *Voir Dire* Examination

After the jury was sworn on *voir dire,* the court stated:

"THE COURT: Ladies and gentlemen, the case now under consideration is State of Maryland versus Maurice Phenious. The defendant —will you please rise, Mr. Phenious, and turn around and face the jury—is charged with armed robbery, which occurred about the 4th of December 1969, and he is charged with entering the residence of Doctor Raymond King, and robbing Doctor King's maid, Mary Alice Mason, with the use of a gun.

"The State's witnesses are Mary Alice Mason, Doctor Raymond King, Detective Crump, Robert Gerard Daugherty.

"The defendant's witnesses are LaVerne Bell, Adrene Hill and Deborah Livingston.

"The first question which I direct to all of the members of the panel is does any member of the panel know anything about the case or formed any opinion as to the guilt or innocence of the defendant? If the answer is yes, please rise and identify yourself."

It appears that the case had been previously tried before some of the prospective jurors and others had heard

those jurors discuss the case. All such persons were excused. Thereafter, the trial judge asked the following question to which there appears to have been no affirmative replies:

> "The remaining jurors I want to ask this question, and that is, is any member of your immediate family formerly or at the present time a member of the Prince George's County Police Department?"

Defense counsel duly excepted to the court's failure to ask the following questions:

> "5. Has any member of the jury panel or a member of their immediate family ever been the victim of or a witness to a crime or crimes charged in the indictment?

> "8. Would any member of the jury panel be inclined to give more weight to the testimony of a police officer merely because he is a police officer than to any other witness in the case?

> "9. Does any member of the jury panel entertain or is anyone aware of any bias or prejudice for or against the government or for or against the defendant in this case?

> "10. Does anyone know of any reason whatsoever why he or she cannot sit as a juror in this case and render a fair and impartial verdict on the law and the evidence as you shall hear it?"

As to question no. 5, the Court of Appeals has ruled that an inquiry concerning whether or not a prospective juror has been the victim or a witness to a crime similar to the one charged in the indictment is not a proper question on *voir dire* since it does not provide a basis for challenge for cause. See *Yopps v. State*, 234 Md. 216, 198 A. 2d 264 concerning a burglary, and *Twining v. State*, 234 Md. 97, 198 A. 2d 291, concerning bastardy. There appears no reason here to vary from the previously established general rule.

Question no. 8 is moot because the record shows that no police officer testified before the jury.

Questions nos. 9 and 10 require more discussion. In Maryland, the extent of a *voir dire* examination rests within the sound discretion of the trial judge, *Rodgers v. State,* 4 Md. App. 407, 243 A. 2d 28, *Culver v. State,* 1 Md. App. 406, 230 A. 2d 361. Maryland has no rule or statute defining the objects of inquiry in determining the eligibility of jurymen. The cases have, however, established that questions must relate to some specific issue of eligibility; those which are speculative or in the nature of a fishing expedition may be refused by the court in its discretion. *Grogg v. State,* 231 Md. 530, 191 A. 2d 435, *Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 167 A. 2d 96, *Emery v. F. P. Asher, Jr. & Sons, Inc.,* 196 Md. 1, 75 A. 2d 333. See *Whittemore v. State,* 151 Md. 309, 315, 134 A. 322. The rule applies even though it would not have been error to have asked the question. *McGee v. State,* 219 Md. 53, 146 A. 2d 194.

The failure to ask questions on *voir dire* relating to prejudice is reversible error only when the denied questions pertain to a particular bias, *e.g. Brown v. State,* 220 Md. 29, 150 A. 2d 895 where the question related to racial prejudice and *Casey v. Roman Catholic Archbishop of Baltimore,* 217 Md. 595, 143 A. 2d 627, 631, where the Court said:

> "The form of the questions to be asked is clearly within the sound discretion of the court. However, it is clear that the only question propounded by the court was not sufficient to determine possible cause for disqualification by reason of bias or prejudice or otherwise. The question asked was in a form so general that it is likely it did not sufficiently indicate to the panel of jurors what possible bias or prejudice was being probed. To ask the jurors whether they would be prevented from rendering a fair and impartial verdict by the fact that

a party was a 'religious corporation'—which they might not even realize meant a church—without informing them of the church involved or the position of the religious corporation in the suit would defeat the whole purpose of questioning jurors on their *voir dire*. We think there is no doubt that the court should have informed the prospective jurors that the action was a suit by Harriet M. Casey against Roman Catholic Archbishop of Baltimore, a corporation sole, for personal injuries allegedly arising out of an accident which occurred in St. Patrick's Church at Havre de Grace on October 2, 1954. . . ."

See also *Aldridge v. United States,* 283 U. S. 308, 51 S. Ct. 470, 75 L. Ed. 1054.

We do not think the trial court abused its discretion in not asking questions nos. 9 and 10 because they were too broad. The court did ask questions to determine specific bias or prejudice, if any, by the jurors by reason of association with the local police department and by reason of having heard the case or discussions of it. Under the circumstances of this case, we see no reversible error in the failure of the trial court to ask the broad questions relating to prejudice and bias. It is unlikely any juror would objectively recognize general, as opposed to specific, prejudice.

## II The Indictment

The indictment in relevant parts charged the appellant "feloniously with a dangerous and deadly weapon did rob Mary Alice Mason and violently did steal from her, *various items* of the value of five hundred eighty-four dollars ($584.00)." (Emphasis added.) The appellant made no motion to quash the indictment under Md. Rule 725b, therefore, his argument concerning it on appeal is limited to the contention that the indictment failed to show jurisdiction of the court or to charge an offense. If the indictment failed to charge an offense,

we have held that there is a matter of jurisdiction and we are permitted to review the question whether or not it was tried and decided below, *Baker v. State,* 6 Md. App. 148, 151, 250 A. 2d 677. *See also Reagan v. State,* 4 Md. App. 590, 244 A. 2d 623.

Appellant argues that since the indictment says only "various items" instead of listing the property stolen, the indictment does not state a crime. Although neither robbery nor robbery with a deadly weapon are defined by the Md. Code, they are both punishable in Maryland since robbery was a crime at common law, *Darby v. State,* 3 Md. App. 407, 239 A. 2d 584. The code does, however, provide penalties for robbery (Md. Code, Art. 27, § 486) and robbery with a deadly weapon (§ 488). Section 489 provides a form of indictment for robbery with a deadly weapon, with the directive that it is "sufficient to use a formula substantially" following § 489. The form of § 489 is thus not required and a common law form is permissible. See *Frazier v. State,* 5 Md. App. 88, 245 A. 2d 614, footnote 2.

In the portions relevant here, Md. Code, Art. 27, § 489 provides that the indictment for robbery with a deadly weapon should read:

> " 'That A-B . . . feloniously with a dangerous and deadly weapon did rob C-D . . . and violently did steal . . . from him ———— dollars (here list property stolen) . . . .' "

As is readily apparent, the instant indictment did not list the property stolen nor comply with the more exacting common law. See 46 Am. Jur. *Robbery,* § 35 and 4 Wharton, *Criminal Law & Procedure,* § 1782 (Anderson Edition).

Assuming the defect in the indictment, it does not necessarily follow that the trial court was deprived of jurisdiction. The Court of Appeals said in *Putnam v. State,* 234 Md. 537, 200 A. 2d 59, 61, 63:

> "The rule which seems to be generally recog-

nized draws a line of demarcation between an indictment or information which completely fails to state an offense and one which alleges all the elements of the offense intended to be charged and apprises the accused of the nature and cause of the accusation against him, even though it is defective in its allegations or is so inartificially drawn that it would have been open to attack in the trial court."

\* \* \*

"In our view, therefore, this information charging attempted housebreaking of an outhouse does charge an offense, even though it does so in an inexact or defective manner, since it imports the presence of both elements which would be present in the completed offense—breaking and intent to steal."

See also *Ward v. State,* 9 Md. App. 583, 267 A. 2d 255 and *Reagan v. State, supra.*

Here, as in *Putnam,* although the indictment was inexact, all the elements of a crime are alleged. The felonious taking and carrying away of the personal property of another from his person by violence are all of the elements of robbery and all were included in the indictment. *Williams v. State,* 7 Md. App. 683, 256 A. 2d 776. The indictment also alleged the use of a deadly weapon to bring the crime within Md. Code, Art. 27, § 488 for an increased penalty. Therefore, the indictment does allege an offense.

The indictment could perhaps be successfully challenged on sufficiency grounds—not that it failed to state an offense—but that it did so imperfectly by failing on its face to inform the accused of the precise property allegedly stolen by him, thus entitling him, prior to trial, to move to dismiss the indictment under Md. Rule 725. This, however, does not help the appellant because a motion under Md. Rule 725 has been waived. See *Ward v.*

*State, supra,* for a similar situation. The contention that the indictment failed to state an offense is without merit.

We note that appellant's defense appears from the record to be completely unhindered by the impreciseness of the indictment. There is no allegation, nor appearance, of surprise, nor of appellant's being in fact ignorant of what property he was accused of stealing. There was no use of the discovery procedures. Md. Rules 715 and 728. Of course, if the defect had been raised at trial, the State may have been able to amend the indictment under Rule 714, in the absence of prejudice or surprise.

*Judgment affirmed.*