DENNIS FURMAN BURKETT *v.* STATE OF MARYLAND

[No. 791, September Term, 1973.]

*Decided May 28, 1974.*

The cause was argued before GILBERT, MENCHINE and MOORE, JJ.

*Geraldine Kenney Sweeney,* with whom was *Stephen E. Harris* on the brief, for appellant.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Joseph Murphy, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

In the course of an investigation of reports of a shooting, police discovered the body of Patricia A. Burkett in a wooded area near the 6000 block Amberwood Road, in the City of Baltimore. Autopsy showed that death resulted from three gunshot wounds of the head. Dennis Furman Burkett, (appellant) husband of the deceased, was convicted of murder in the first degree in connection with her death. The case was tried before a jury in the Criminal Court of Baltimore (Judge Marshall A. Levin presiding).

The sole issue presented here is the correctness of the refusal of the trial court to grant a new trial. Appellant suggests a denial of due process and an abuse of discretion by the trial judge.

The issue arises as the result of the fact that a juror failed to respond to a question by the court in the course of *voir dire* examination of prospective jurors. Appellant contends

that had the required appropriate response been made, the appellant would have exercised one of his unexpended peremptory challenges to strike that juror from the trial panel. He contends that he was entitled to a new trial under these circumstances without the necessity to show prejudice resulting from the juror's continued presence on the trial panel.

The facts are not in dispute. The record shows that counsel for appellant submitted to the trial court a series of twelve *voir dire* questions, the substance of which was incorporated in questions asked by the trial judge. The changes in the submitted questions as made by the trial judge brought no objection or exception.[1]

One of the questions asked by the trial judge was:

> "Has any member of this panel ever been engaged in law enforcement work, police department, Sheriff's office, *State's Attorney's Office*, District Attorney's office, FBI, Maryland State Police, correctional guards or military police?" (Emphasis added)

In response to that question the involved juror said:

> "I was a Military Policeman in the Service.
>
> THE COURT: That has been some time ago?
>
> THE JUROR: Twenty years ago.
>
> THE COURT: Would that in any way prevent you from reaching a fair and impartial verdict based on the evidence in the case?
>
> THE JUROR: No."

Another member of the jury panel also responded affirmatively to that question.

After that colloquy between the court and the two jurors,

---

1. This case should not be considered as limiting the trial court's discretion as to the extent of *voir dire* examination or as enlarging the limitation that such examination is to ascertain the existence of cause for disqualification and for no other purpose. *Phenious v. State*, 11 Md. App. 385, 389, 274 A. 2d 658; *Bremer v. State*, 18 Md. App. 291, 321, 307 A. 2d 503, 522.

the trial judge asked the question that is critical in these proceedings:

"Does any member of the panel have any member of your immediate family who is or was a member of a law enforcement agency as I have defined?"

Four prospective jurors responded to that question by stating that they had relatives in various police departments within or without the State. The juror in question did not respond. It will be noted that the critical question was in a form whereby the preceding question had been incorporated within it by reference.

We note also that the last two questions on *voir dire* were:

"Is any one on the panel aware of any prejudice or bias for or against the defendant in this case?"

"Is there anything I haven't covered which in any way might interfere with or tend to interfere with the ability of any juror to render a fair and impartial verdict based on the evidence produced in this case?"

There was no affirmative response by any prospective juror to the latter two questions.

At some point in time, after conviction but before hearing on the motion for a new trial, defense counsel discovered that the juror in question was the father of a secretary employed in a trial section of the office of the State's Attorney of Baltimore City. The State concedes that such a relationship existed. The State also concedes that an affirmative response to the critical question should have been made by the juror.

At hearing of the motion for new trial, the juror was called as a witness. He acknowledged the employment of his daughter in the office of the State's Attorney but explained that he had not heard the words "State's Attorney's Office" in the question preceding the critical one. He said he did not realize that he had been asked a question that sought disclosure of the employment of his daughter. He testified further that there had been other occasions during the

course of his jury service when a question concerning a juror's relationship to employees of the State's Attorney's office had been asked. He declared: "As soon as they asked it I raised my hand and told my story." He declared unequivocally that the employment of his daughter in the State's Attorney's office in no way influenced his vote to convict the appellant. He said that he had not discussed the case with his daughter at any time before the trial's end.

### Due Process

Appellant points out that the Supreme Court of the United States in *Swain v. Alabama*, 380 U. S. 202, 219; and this Court in *Spencer v. State*, 20 Md. App. 201, 208, 314 A. 2d 727, 731 declared that denial or impairment of a right to peremptory challenge is reversible error without a show of prejudice. We do not now retreat from that principle. We do not agree, however, that the circumstances shown by this record bring the subject case within that rule.

The evidence tends to show and the trial judge found as a fact that the juror's failure to respond to the critical question was wholly inadvertent, and that the juror was in no way influenced or affected by the circumstance of the employment of his daughter in the office of the prosecutor. So concluding, the trial judge said:

> "* * * I must adopt the view that if the jurors' lack of an answer is not intentional, and furthermore, and more importantly substantial justice was not affected by this omission, then I do not think it is sufficient to warrant this Court setting aside the jury's verdict and to grant a new trial."

Evidence tending to confirm the inadvertence of the juror's failure to respond is furnished by the fact of his prior response disclosing his service as a military policeman in the subject case and by the fact he had disclosed the employment of his daughter in other cases. There is no showing that the juror was influenced in any way by the nature of his daughter's employment.

The case of *Williams v. U.S.*, 418 F. 2d 372 (10th Cir. 1969)

(a prosecution for armed bank robbery) dealt with precisely the same issue as this Court now is called upon to resolve. The striking similarity between *Williams* and the subject case instantly becomes apparent from the following excerpt from that opinion [p. 376]:

> "* * * appellant assigns as error juror Dillon's failure to disclose on voir dire that the business he was associated with had recently been the victim of an armed robbery. Defendant asserts that this deprived him of a trial by a fair and impartial jury, and it impaired his opportunity to effectively exercise his peremptory challenges."

In rejecting the claimed error, the Court in *Williams* said at page 377:

> "The court does not look favorably upon raising questions of possible prejudice on the part of a juror after the jury has returned a conviction. In the absence of a showing of actual bias or an intentional withholding of the facts, there is little in the record from which the court can conclusively presume that the non-disclosure was obvious disqualification and inherent prejudice as a matter of law. Whether juror Dillon had any preconceived enmity, prejudice, or bias against defendant is a matter of supposition. *The fact that juror Dillon might have been peremptorily challenged by defendant is not alone sufficient to reverse defendant's convictions.* Defendant is entitled to a fair trial, but not a perfect trial.
>
> The action of the trial court below in denying the motion for new trial was not a clear abuse of discretion." (Footnotes omitted. Italics supplied.)

*Brown v. U.S.*, 356 F. 2d 230 (10th Cir. 1966), the case upon which *Williams, supra,* principally was bottomed, had pointed to a deficiency in *voir dire* questioning. The language used by the *Brown* Court at page 233, however, has a manifest significance here:

"* * * in the absence of any non-disclosure, intentional or inadvertent, *from which it can be conclusively presumed that there was so obvious a disqualification and inherent prejudice as a matter of law,* Frazier v. United States, 335 U.S. 497, 513, 69 S.Ct. 201, 93 L.Ed. 187, reh. denied 336 U.S. 907, 69 S.Ct. 488, 93 L.Ed. 1072, we hold that the action of the court below in denying the motion for new trial was not a clear abuse of discretion." (Italics supplied.)

See also: *Little v. U.S.*, 331 F. 2d 287 (2nd Cir. 1964), wherein it appeared at hearing on a motion for a new trial that a juror had failed to disclose, on *voir dire* examination, his relationship to or his business dealings with a senior member of the law firm of which the appellant's trial counsel was a member. In sustaining the refusal of the trial judge to grant a new trial, the Court said at page 295:

"* * * it is well settled that what is prejudicial to a fair trial when the issue of 'juror misconduct' is raised, is a matter that must, to a large extent, be left to the discretion of a trial court and that an appellate court will not reverse the determination of that court on such an issue unless it is established as clearly erroneous."

*DeRosier v. U.S.*, 407 F. 2d 959 (8th Cir. 1969), is distinguishable because the decision in part turned upon whether *voir dire* questioning had adequately apprised the prospective juror of his need to respond to an inartful question. Nonetheless, the reasoning of that case is persuasive here. The *DeRosier* Court said at page 963:

"Defendant alleges, however, that the trial court erred in refusing to declare a mistrial when it was revealed that the juror was acquainted with the witness' family * * * To hold that after verdict a party may obtain a new trial upon a mere showing of some acquaintance between a witness and a juror would lead to horrendous results. This is a step we choose not to take."

The well-reasoned decision in *Williams, supra,* is persuasive here. We shall follow it. We find no impediment to such a course in the dictum of *Swain, supra,* nor in the decision in *Spencer, supra.* The Supreme Court in *Swain* spoke in the abstract of impairment or denial of peremptory challenges in the course of empaneling the jury, but did not reach the issue presented here. In our decision in *Spencer* we pointed out (at page 208) that the court clerk altered the order in which jurors were being called up and "thus affirmatively misled [the appellant] in his three decisions to reject [a juror]." In the subject case, on the other hand, there is no showing of intentional denial or impairment of the right, either express or implied. On the contrary, the record makes crystal clear (a) that the juror's failure to respond was wholly inadvertent and (b) that the nature of the withheld information did not in and of itself rise above the purest speculation that it would indicate the juror's bias or prejudice against persons accused of crime.

To require retrial as a matter of law upon the sole ground that the questioned juror would have been stricken by the use of a peremptory challenge would impose too stern a sanction.

We hold that the grant of a new trial, where information inadvertently is withheld by a juror's failure to respond to *voir dire* inquiry, should be left to the sound discretion of the trial judge unless:

    (a)  actual prejudice to the accused is demonstrated, or
    (b)  the withheld information, in and of itself, gives rise to a reasonable belief that prejudice or bias by the juror against the accused is likely.

We are persuaded that the contention that a parent of one working as a secretary in a law enforcement agency would be prejudiced against all persons accused of crime is so fanciful and unlikely that it does not rise above the purest speculation. *Frazier v. U.S.,* 335 U. S. 497. The information withheld here does not require a new trial as a matter of law. The grant of the relief prayed in a motion for a new

trial under such circumstances must be left to the sound discretion of the trial judge.

### Abuse of Discretion

This Court in *Jones v. State,* 16 Md. App. 472, *cert. denied,* 268 Md. 750, 298 A. 2d 483, said at page 477 [486]:

"It is, of course, well established that the granting or denial of a motion for a new trial lies within the sound discretion of the trial court and the action of the trial court upon such a motion will not be disturbed on appeal except under the most extraordinary and compelling reasons. See *State v. Devers and Webster,* 260 Md. 360, 376; *Oliver v. State,* 8 Md. App. 610, 618. On the question of newly or after discovered evidence, it has been said:

'There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.' *Johnson v. United States,* 32 F. 2d 127, 130. See also *Mills v. United States,* 281 F. 2d 736, 738.

It is essentially the function of the trial judge to evaluate and assess the newly discovered evidence and where such evidence consists of testimonial evidence from a witness allegedly discovered after the trial has been concluded, it is for the trial judge to determine the materiality and the credibility of such testimony. Unless it should appear that the trial judge's findings of fact were wholly unsupported by the record and, thus, clearly erroneous, his findings will not be disturbed on appeal."

The trial judge heard the testimony of the juror in question and observed his demeanor under direct and cross-examination. He concluded that the failure to respond to the *voir dire* question was wholly inadvertent and that "substantial justice was not affected by this omission." The record supports the conclusions reached by the trial judge.

The criminal agency of the accused was clearly established by massive evidence, including the confession of the appellant. We find no abuse of discretion here.

*Judgment affirmed.*