Argued November 18, affirmed December 22, 1975, reconsideration
denied March 3, petition for review denied March 31, 1976

# STATE OF OREGON, *Respondent, v.* RONALD LEE CHASE (No. C 74-11-3659 Cr), (CA 4569), *Appellant.*

543 P2d 1104

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted after jury trial of riot, harassment, disorderly conduct and resisting arrest. He appeals contending that the trial court erred in denying his successive motions to dismiss, to grant a continuance and to grant a new trial. All motions were based on the same contention, namely, that the state failed to provide defendant with reciprocal discovery as to police officers at or near the scene of defendant's arrest.

Defendant and others were involved in an altercation with police inside a Portland tavern which eventually erupted into a small-scale riot. Approximately 40 police officers were finally summoned to the scene to help in quelling the fracas. Only a portion of the officers was called by the state to testify at the trial.

The essence of defendant's contention is as follows: that he is legally entitled to interview every police officer who was called to the scene; that the chief of police refused to sanction such interviews

while the officers were on duty; and that the chief of police informed the officers that the subject interviews could be conducted during off-duty hours but that the officers were under no duty to submit to out-of-court questioning by defendant or his counsel.

Defendant concedes that the state complied with the provisions of the pretrial discovery statutes,[1] but insists that due process requires in addition that the state make available to defendant and his counsel for interview all police officers who came to the scene. Defendant points out that the state had free access to all individuals listed as defense witnesses and took statements from them. From this defendant argues that the concept of reciprocal discovery adopted in *State v. Wardius,* 6 Or App 391, 487 P2d 1380, Sup Ct *review denied* (1971), *reversed and remanded* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), requires a corresponding availability of the 40 police officers.

Defendant also relies on *State v. McDevitt,* 297 A2d 58 (Del Super Ct 1972); *Wisniewski v. State of Del.,* 51 Del (I Storey) 84, 138 A2d 333 (1957); *People v. Earle,* 17 Misc2d 157, 183 NYS2d 586 (1957). While none of these cases is directly in point, all three tend to support defendant's argument.

■ It is true that due process may at times require extensive disclosures to criminal defendants. *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). However, contrary to the thrust of defendant's argument, pretrial discovery in favor of a defendant of the type sought here is not required by due process of law. *See, Jones v. Superior Court,* 58 Cal2d 56, 22 Cal Rptr 879, 372 P2d 919 (1962); *People v. Lindsay,* 227 Cal App2d 482, 38 Cal Rptr 755 (1964).

Defendant makes no assertion that the state failed

[1] ORS 135.805 to 135.990.

to meet its *Brady* duty of turning over to him favorable evidence in its possession.

■ In some states nonconstitutionally required discovery in favor of defendants of the type sought here has been established by court rule or decision. In this state, as we have already pointed out, discovery is a statutory right.

■■ Having considered the question and reviewed defendant's authorities, we reach the following conclusions: (1) Due process does not require that the Portland police department be ordered to make the subject police officers submit to interview by defendant while on duty. (2) Because of the statutory nature of the right of discovery in this state we should not follow the rule which may possibly be followed in Delaware and New York.

Affirmed.